UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JACE BOSTON, LLC and ARTHUR LEON<br><br>Plaintiffs,<br><br>v.<br><br>LANDMARK AMERICAN INSURANCE CO.,<br>AMERICAN SAFETY INDEMNITY CO.,<br>FIRST MERCURY INSURANCE CO., and<br>NAVIGATORS SPECIALTY INSURANCE CO.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C. A. NO.: 1:21-CV-11120-IT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT, AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant, American Safety Indemnity Company ("ASIC"), hereby moves to dismiss the claims asserted against it in the complaint filed by plaintiffs, JACE Boston, LLC ("Jace") and Arthur Leon ("Leon"), with prejudice and without costs. In support of its motion, ASIC relies upon the following grounds, detailed more fully in its accompanying Memorandum:

1.  Even when the allegations contained in plaintiffs' complaint are accepted as true for purposes of this motion to dismiss, plaintiffs' claims against ASIC[1] fail as a matter of law because they cannot carry their burden of proof, as the parties seeking coverage, of establishing that any of the claims and allegations asserted against them in the underlying action captioned *447 Harrison Ave., LLC v. JACE Boston, LLC and Arthur Leon*, C.A. No. 1584CV000829 (the "Underlying Action") can fairly be read as stating a potentially covered claim under the

---

[1] In June 2016, ASIC merged into TIG Insurance Company, a California domiciled stock insurer. If ASIC's motion to dismiss is not allowed in its entirety, plaintiffs will need to file an amended complaint that substitutes TIG Insurance Company for ASIC.

1

"personal and advertising injury" Coverage B insuring agreement in the ASIC Policy No. ESL1001948-1301 issued to American Crane & Hoist Corp. ("ACH"), for the January 1, 2013 to January 1, 2014 period ("the Policy");[2]

2. In this regard, plaintiffs' effort to establish that the abuse of process claim and allegations asserted against them in the Underlying Action qualifies as "malicious prosecution" under the Policy's "personal and advertising injury" ("PAI") definition fails as a matter of law under well-settled legal authorities, including Judge Woodlock's decision in *Narragansett Bay Ins. Co. v. Kaplan*, 146 F. Supp. 3d 364 (D. Mass. 2015) (summary judgment granted to insurer regarding its right to deny defense coverage for lawsuit between adjacent property owners because, *inter alia*, policy's "malicious prosecution" PAI provisions did not encompass abuse of process claims).

3. Under the applicable Policy provisions and governing law, plaintiffs' effort to establish that the meaning of "malicious prosecution" in the Policy's PAI definition presents any ambiguity that should be construed in favor of coverage also fails.

4. In addition to the plaintiffs' inability to establish that any of the claims and allegations asserted against them in the Underlying Action states a potentially covered claim for "malicious prosecution" or any of the Policy's other enumerated PAI offenses, the coverages afforded under the ASIC Policy's Coverage B insuring agreement is subject to several exclusions, including the following:

> **2. Exclusions**
> This insurance does not apply to:
> **a.    Knowing Violation Of Rights Of Another**
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another

---

[2] ASIC's Motion does not address Jace and Leon's inability to establish their status as insureds under the ASIC Policy at this juncture. If ASIC's motion to dismiss is not granted, it will address Jace and Leon's non-insured status during a subsequent stage of proceedings in this Action.

and would inflict "personal and advertising injury".

5. Plaintiffs' asserted entitlement to coverage for the Underlying Action under the ASIC Policy is defeated by the Exclusion for claims concerning the "knowing violation of Rights of Another" because 447 Harrison Ave., LLC's Amended Complaint seeks to impose liability upon the plaintiffs for intentional actions undertaken by them to hinder and violate 477 Harrison Ave., LLC's asserted right to develop its Property.

6. Given the foregoing, plaintiffs cannot state a viable claim for declaratory relief and/or breach of contract against ASIC, necessitating he dismissal with prejudice of the Complaint against ASIC.

## HEARING REQUESTED

ASIC requests a hearing on this dispositive motion so that it may address any questions that the Court might have following its review of the parties' written submissions.

WHEREFORE, American Safety Indemnity Company requests that the Court:

a. Dismiss the plaintiffs' claims against it in this action in their entirety, with prejudice and without costs;

b. Grant ASIC such other and further relief as the Court deems appropriate.

**AMERICAN SAFETY INDEMNITY COMPANY**
By its attorney,

*/s/ Barbara O'Donnell*
Barbara O'Donnell, BBO#544458
Sulloway & Hollis, P.L.L.C.
50 Cabot Street, Suite 204
Needham, MA 02494
40 Westminster Street, Suite 201
Providence, RI 02903
(401) 421-3659/(508) 612-8863
bodonnell@sulloway.com

## LOCAL RULE 7.1 CERTIFICATE

I, Barbara O'Donnell, hereby certify that I conferred with plaintiff's counsel on August 2, 2021 in an unsuccessful attempt to avoid the need to file this Motion. Counsel for the co-defendants have informed undersigned counsel that they do not oppose this motion.

/s/ Barbara O'Donnell
Barbara O'Donnell

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) with paper copies sent to any non-registered participants on this 4th day of August 2021.

/s/ Barbara O'Donnell
Barbara O'Donnell