UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACE BOSTON, LLC and ARTHUR LEON

v.

LANDMARK AMERICAN INSURANCE COMPANY, AMERICAN SAFETY INDEMNITY COMPANY, FIRST MERCURY INSURANCE COMPANY, and NAVIGATORS SPECIALTY INSURANCE COMPANY

No. 1:21-cv-11120-IT

**MOTION TO DISMISS OF DEFENDANT
LANDMARK AMERICAN INSURANCE COMPANY**

Defendant Landmark American Insurance Company, by its attorneys, moves for its dismissal from this case with prejudice, pursuant to F.R.C.P. 12(b)(6), and in support states as follows:

1. Plaintiffs Jace Boston and Leon commenced this suit for declaratory judgment (Count I) and breach of contract (Count II) against Landmark and other insurers seeking defense and indemnity for claims brought against them by 477 Harrison Ave., LLC ("477 Harrison") in the underlying action of *477 Harrison Ave., LLC v. Jace Boston, LLC and Arthur Leon*, Suffolk Superior Court, Civil Action No. 1584CV00829 ("Underlying Litigation").

2. Through the Amended Complaint in the Underlying Litigation, which was attached as an exhibit to the Complaint in the current action, 477 Harrison alleged that Plaintiffs Jace Boston and Leon engaged in abuse of process by filing various lawsuits against them and by requesting a criminal charge against a related individual. They seek damages for this alleged abuse of process both directly and under G.L. c.93A, §11.

3. Plaintiffs Jace Boston and Leon claim that Landmark owes them coverage for the abuse of process allegations under the Personal and Advertising Injury coverage of a policy it issued to Jace Boston and others, effective from January 1, 2012 to January 1, 2013, which they attached to their Complaint as an exhibit ("the 2012 Landmark Policy").

4. The "personal and advertising injury" coverage to the 2012 Landmark Policy provides coverage for sums that the Landmark insured becomes legally obligated to pay as damages because of "personal and advertising injury."

5. The 2012 Landmark Policy defines "personal and advertising injury" to include certain specific offenses. It provides as follows, under Coverage B:

> **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>    **a.** False arrest, detention or imprisonment;
>    **b.** Malicious prosecution;
>    **c.** The wrongful eviction from, wrongful entry into, or invasion of the of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
>    **f.** The use of another's advertising idea in your "advertisement"; or
>    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

6. In its Amended Complaint in the Underlying Litigation, 477 Harrison did not seek a recovery from Plaintiffs Jace Boston or Leon for any of the offenses listed in the Landmark Policy as "personal and advertising injury."

7. Plaintiffs Jace Boston and Leon have therefore failed to state a claim for declaratory judgment or breach of contract against Landmark, and their Complaint, as to Landmark, must be dismissed.

8. In addition, coverage under the Personal and Advertising Injury coverage to the 2012 Landmark Policy is subject to several exclusions, including the following:

> **2. Exclusions**
> This insurance does not apply to:
> **a. Knowing Violation Of Rights Of Another**
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
> **b. Material Published With Knowledge Of Falsity**
> "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

9. All of the allegations made by 477 Hamilton against Plaintiffs Jace Boston and Leon in the Amended Complaint in the Underlying Litigation are allegations that they took actions with the knowledge that the actions would violate the rights of 477 Hamilton and published material with the knowledge that it was false. Thus, coverage for Plaintiffs Jace Boston and Leon under the 2012 Landmark Policy, for all of the allegations within that Amended Complaint, is excluded.

**WHEREFORE**, for these reasons and based as well on the accompanying Memorandum of Law and, to the extent relevant, based on the Motions to Dismiss (and accompanying Memoranda) of co-defendants which are also being contemporaneously filed – all of which are incorporated into this Motion by reference – Landmark respectfully requests that this Court **ALLOW** its Motion to Dismiss, thereby dismissing Count I and Count II against it with prejudice, and enter an Order declaring that Landmark has no duty to defend or indemnify Plaintiffs in connection with the Underlying Litigation.

## CERTIFICATION IN ACCORDANCE WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(a)(2), the undersigned hereby certifies that the parties have conferred concerning this motion and have attempted, in good faith, to resolve or narrow the issue.

/s/ Russell X. Pollock
Russell X. Pollock

Dated:  August 4, 2021          LANDMARK AMERICAN INSURANCE COMPANY,
                                By its attorneys,

__/s/ Russell X. Pollock_____          _____
Russell X. Pollock                          WILLIAM A. RUBERT
BBO# 564883                                 PRO HAC VICE
Bergstresser & Pollock PC                   Deasey, Mahoney & Valentini, LTD
52 Temple Place                             1601 Market Street, Suite 3400
Boston, MA 02111                            Philadelphia, PA  19103
(617) 682-9211 / (617) 451-1070 - FAX       (215) 587-9400/(215) 587-9456 – FAX
russ@bergstresser.com                       wrubert@dmvlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed via Electronic Case Filing (ECF) will be sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 4, 2021.

By:  _/s/ Russell X. Pollock_____
Russell X. Pollock, BBO# 564883